UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| ERIC DUPERE,<br><br>                    Plaintiff<br><br>v.<br><br>LIBERTY MUTUAL FIRE INSURANCE COMPANY,<br><br>                    Defendant | Civil No. 04-237-P-C |

Gene Carter, Senior District Judge

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This case arises out of an insurance coverage dispute between Plaintiff Eric Dupere and his employer's automobile insurance carrier, Defendant Liberty Mutual Fire Insurance Company (hereinafter "Liberty Mutual").[1] Now before the Court is Defendant's Motion for Summary Judgment (Docket Item No. 14), in which Defendant contends that Plaintiff is not an insured under the terms of the insurance policy at issue and alternatively, if Plaintiff is an insured, his claims are barred by release. For the reasons set forth below, the Court will grant Defendant's Motion.

---

[1] In briefing the pending Motion for Summary Judgment, the parties referred to Liberty Mutual as the Plaintiff and Mr. Dupere as the Defendant -- the posture of case number 04-158-P-S. Because case number 04-237-P-C is now the lead case in this consolidated action, the Court treats Mr. Dupere as the Plaintiff and Liberty Mutual as the Defendant.

## I. Facts and Procedural Posture

The Court views the record on summary judgment in the light most favorable to the nonmovant.  *See Santiago-Ramos v. Centennial P.R. Wireless Corp.*, 217 F.3d 46, 50 (1st Cir. 2000).  The summary judgment record supports the following relevant facts.[2]

At the time of the events giving rise to this dispute, Plaintiff was employed by McBee Systems, a subsidiary of New England Business Services (hereinafter "NEBS"), as a sales employee.  The record suggests that NEBS has its principal place of business in Groton, Massachusetts.  Plaintiff's primary sales territory was York County, Maine and the New Hampshire seacoast.  Throughout Plaintiff's employ, NEBS had a policy that its sales employees should use their own automobiles for business travel.  On November 19, 2001, Plaintiff drove his personal automobile from a weekend in Vermont with his girlfriend to a business appointment on the New Hampshire seacoast.

As Plaintiff was traveling southbound on Interstate 89 through Williamstown, Vermont, his automobile was struck head-on by an automobile driven by Raymond Rexford.  Mr. Rexford apparently entered the southbound side of the divided highway via an entrance ramp but traveled in a northbound direction.  As a result of the collision, Mr. Rexford died and Plaintiff suffered serious injuries.

Mr. Rexford had a personal automobile policy and his insurer paid Plaintiff the policy limit of $100,000 to compensate Plaintiff for his injuries and damages resulting from the accident.  Also existing at the time of the accident was a business auto policy

---

[2] As required by D. Me. Loc. R. 56(b), Defendant submitted a supporting Statement of Material Facts (Docket Item No. 15) with its Motion for Summary Judgment.  Plaintiff did not file an Opposing Statement of Material Facts as required by D. Me. Loc. R. 56(c).  Accordingly, all facts contained in Defendant's Statement of Material Facts are deemed admitted.  D. Me. Loc. R. 56(f).

issued by Liberty Mutual to NEBS (hereinafter the "Liberty Mutual/NEBS policy" or "the Policy").

On July 20, 2004, Liberty Mutual filed suit in this Court against Eric Dupere seeking a declaratory judgment that Mr. Dupere is not entitled to uninsured or underinsured motorist benefits under the terms of the Liberty Mutual/NEBS policy. The case was designated as docket number 04-158-P-S. After Mr. Dupere was served with process in the declaratory judgment case, he filed suit in the Superior Court of the State of Maine in and for the County of Cumberland seeking underinsured motorist benefits under the Liberty Mutual/NEBS policy. Liberty Mutual timely removed the state court case to this Court (where it bears docket number 04-237-P-C) pursuant to this Court's diversity jurisdiction. Subsequently, the two cases were consolidated, with docket number 04-237-P-C serving as the lead case.

## II.  Summary Judgment Standard

"The role of summary judgment is to look behind the facade of the pleadings and assay the parties' proof in order to determine whether a trial is required." *Plumley v. S. Container, Inc.*, 303 F.3d 364, 368 (1st Cir. 2002). Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "In this regard, 'material' means that a contested fact has the potential to change the outcome of the suit under the governing law if the dispute over it is resolved favorably to the nonmovant. By like token, 'genuine' means that the evidence about the fact is such that a reasonable jury could resolve the point in favor of the nonmoving

party." *Navarro v. Pfizer Corp.*, 261 F.3d 90, 93-94 (1st Cir. 2001) (quoting *McCarthy v. Northwest Airlines, Inc.*, 56 F.3d 313, 315 (1st Cir. 1995)). "A trialworthy issue exists if the evidence is such that there is a factual controversy pertaining to an issue that may affect the outcome of the litigation under the governing law, and the evidence is 'sufficiently open-ended to permit a rational factfinder to resolve the issue in favor of either side.'" *De-Jesus-Adorno v. Browning Ferris Indus.*, 160 F.3d 839, 841-42 (1st Cir. 1998) (quoting *Nat'l Amusements, Inc. v. Town of Dedham*, 43 F.3d 731, 735 (1st Cir. 1995)).

### III.  Discussion

Plaintiff asserts that the $100,000 he received from Mr. Rexford's insurance policy was insufficient to cover the full extent of his injuries and damages. Plaintiff's attempt to recover underinsured motorist benefits from the Liberty Mutual/NEBS policy forms the central dispute in this case.

#### a. Underinsured Motorist Coverage Under the Policy

The Policy identifies the following as named insureds: "New England Business Service, Inc., Premium Wear, Inc., and any subsidiary company as now formed or constituted and any other company over which the named insured has active control, so long as the named insured or subsidiary has an ownership interest of more than 50%." Liberty Mutual/NEBS policy at 26. Under the terms of the Policy, underinsured motorist coverage is only available <u>to automobiles owned by the named insureds</u>. *See* Liberty Mutual/NEBS policy (Attached to Affidavit of Ed Ostrander) at 2.

Because Plaintiff was driving his personal automobile at the time of the accident and not an automobile owned by NEBS or other designated affiliate, and because the

4

terms of the Policy are not ambiguous, Plaintiff is not entitled to underinsured motorist benefits under the underinsured motorist provision of the Policy. *Accord Seaco Ins. Co. v. Davis-Irish*, 300 F.3d 84, 85-86 (1st Cir. 2002). Recognizing this fact, Plaintiff "concedes that based solely on the policy language he is not an 'insured' within the meaning of this policy language." *See* Eric Dupere's Objection to [Defendant's] Motion for Summary Judgment with Incorporated Memorandum of Law at 6. Instead, however, Plaintiff contends that he is an insured "under the uninsured motorist provisions of the policy in the context of applicable Maine law."[3] *Id.* at 7.

### b. Maine's Uninsured Motorist Statute

Maine's uninsured motorist statute mandates the following:

No policy insuring against liability arising out of the ownership, maintenance or use of any motor vehicle shall be delivered or issued for delivery in this State with respect to any such vehicle registered or principally garaged in this State, unless coverage is provided therein or supplemental thereto for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured, underinsured or hit-and-run motor vehicles, for bodily injury, sickness or disease, including death, resulting from the ownership, maintenance or use of such uninsured, underinsured or hit-and-run motor vehicle. The coverage herein required may be referred to as "uninsured vehicle coverage." For the purposes of this section, "underinsured motor vehicle" means a motor vehicle for which coverage is provided, but in amounts less than the minimum limits for bodily injury liability insurance provided for under the motorist's financial responsibility laws of this State or less than the limits of the injured party's uninsured vehicle coverage.

---

[3] Defendant disputes that Maine law is applicable to the present contract dispute and contends that Massachusetts law, and thus the Massachusetts uninsured motorist statute, Mass. Gen. Laws ch. 175, § 113L (2004), governs this dispute. Plaintiff makes no argument that he is entitled to underinsured motorist coverage under Massachusetts law, and the Court finds that because underinsured motorist coverage in Massachusetts is not included with compulsory uninsured motorist coverage, *Smart v. Safety Ins. Co.*, 643 N.E.2d 435, 438 (Mass. 1994), Plaintiff could not in fact recover underinsured motorist benefits under Massachusetts law. Because the Court also finds that Plaintiff is not entitled to underinsured motorist coverage under Maine law, the law most favorable to Plaintiff's position, the Court need not resolve this choice of law issue.

24-A M.R.S.A. § 2902(1) (2004) (emphasis added).[4]  Plaintiff's predicate premise -- that he is entitled to underinsured motorist benefits by force of statute -- is erroneous.

Under the Maine statute, Plaintiff would be entitled to underinsured motorist coverage if the Policy provided him with liability coverage.  The Policy, however, expressly excludes from the class of insureds entitled to liability coverage "[your] employee if the covered auto is owned by that employee or a member of his or her household."  Business Auto Coverage Form (Attached as Exhibit A to Affidavit of John S. Whitman) at 2.  The Policy thus excludes Plaintiff and his vehicle from liability coverage; consequently, Plaintiff is not entitled to underinsured motorist benefits by force of statute.[5]

There are no genuine issues of material fact requiring trial on the merits and summary judgment is appropriate.

---

[4] Though the parties have not specifically raised the issue, the Court notes that there is a question concerning whether the Policy was "delivered or issued for delivery in this State with respect to any such vehicle registered or principally garaged in this State."  24-A M.R.S.A. § 2902(1) (2004).  Although the Court does not here decide this issue, it appears that if the vehicle does not fall within this provision of the statute, then Plaintiff's claim of entitlement to underinsured motorist benefits would fail on that ground as well.

[5] Plaintiff suggests that the Court interpret the holding of the Maine Superior Court in *LaRoche v. State Farm Ins. Co.*, No. 02-271, 2003 Me. Super. Lexis 265 (Me. Sup. Ct. Dec. 19, 2003), as favorable to Plaintiff's position.  In *LaRoche*, the plaintiff -- driving her husband's personal automobile -- was injured while traveling on business for her employer.  The Superior Court found that <u>the business insurance policy at issue provided the plaintiff's auto with liability coverage</u> and thus Maine law entitled the plaintiff to uninsured motorist coverage.  The *LaRoche* court's conclusion was predicated on the fact that the insurance policy at issue in *LaRoche* provided liability coverage for so-called "category nine" nonowned automobiles.  Category nine automobiles were defined in the *LaRoche* policy as "only those 'autos' you do not own, lease, hire, rent or borrow that are used in connection with your business.  This includes 'autos' owned by your employees or partners or members of their households but only while used in your business or your personal affairs."  *See* Business Auto Coverage Form (Attached as Exhibit 2 to Affidavit of John S. Whitman).[5]  Accordingly, because autos owned by employees and used in the course of their employment were covered for liability, the *LaRoche* court concluded that those autos must also be covered for uninsured motorists pursuant to 24-A M.R.S.A. § 2902.

In contrast to the *LaRoche* policy, the Liberty Mutual/NEBS policy does not provide category nine autos (defined identically in the two policies) with liability coverage.  Plaintiff thus has no entitlement to underinsured motorist coverage under the Maine statute.

## IV.  Conclusion

For the reasons set forth above, it is **ORDERED** that Defendant's Motion for Summary Judgment be, and it is hereby, **GRANTED** and that summary judgment be entered herein in favor of Defendant Liberty Mutual Fire Insurance Company on all claims.

/s/ Gene Carter
**GENE CARTER**
United States Senior District Judge

Dated at Portland, Maine this 1st day of July, 2005.